Peter Anderson, Esq. (State Bar No. 88891)
  perteranderson@dwt.com
Sarah E. Burns, Esq. (State Bar No. 324466)
  sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
TAYLOR SWIFT, BIG MACHINE LABEL
GROUP, LLC, UNIVERSAL MUSIC
PUBLISHING, INC., and KOBALT MUSIC
PUBLISHING AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GRAHAM,<br><br>              Plaintiff,<br><br>     vs.<br><br>TAYLOR SWIFT, an individual, and<br>DOES 1-10,<br><br>              Defendants. | Case No. 2:20-cv-07000-MWF-GJS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO:<br>  (A) DISMISS FOR INSUFFICIENT PROCESS, INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM, AND<br>  (B) DESIGNATE PLAINTIFF A VEXATIOUS LITIGANT<br><br>[Fed. R. Civ. P. 12(b)(4), (5) & (6); L.R. 83-8]<br><br>Date: October 19, 2020<br>Time: 10:00 a.m.<br><br>Courtroom of the Honorable<br>Michael W. Fitzgerald<br>United States District Court |

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

1.   INTRODUCTION ........................................................................... 1

    (a)   Summary of Argument ........................................................ 1

    (b)   Summary of Facts ................................................................ 2

        (1)   *Graham I* ................................................................ 2

        (2)   *Graham II* ............................................................... 3

        (3)   *Graham III* ............................................................. 3

        (4)   *Graham IV* .............................................................. 4

        (5)   This Action, *Graham V* ......................................... 5

2.   MR. GRAHAM'S FIFTH ACTION IS PROPERLY DISMISSED ............. 6

    (a)   Mr. Graham's Purported Service Is Insufficient Under Federal and State Law ...................................................................... 6

        (1)   Mr. Graham Failed to Serve a Summons Issued in This Action ...................................................................... 6

        (2)   Mr. Graham's Proof of Service is Fatally Defective ................. 7

    (b)   Alternatively, the Action is Properly Dismissed Under FRCP 12(b)(6) ................................................................... 7

        (1)   Mr. Graham Fails to Plead Registration of the Allegedly Infringed Copyright Before Filing this Action ......................... 8

        (2)   This Claim Has Now Twice Been Dismissed with Prejudice and Is Therefore Barred by Res Judicata ................. 8

3.   MR. GRAHAM SHOULD BE DESIGNATED A VEXATIOUS LITIGANT ...................................................................................... 9

    (a)   Mr. Graham Is Being Provided Notice and a Chance to Be Heard .... 10

    (b)   There Is an Adequate Record for Review ......................... 10

    (c)   The Court's Issuance of Substantive Findings as to the Frivolous or Harassing Nature of Mr. Graham's Litigation ............................ 11

    (d)   The Requested Order is Narrowly Tailored to Stop Mr. Graham's Continued Abuse of the Judicial Process and Harassment of Defendants ................................................. 14

4.   CONCLUSION .............................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basile v. Los Angeles Film Sch., LLC*,
   No. 2:18-08604 CJC (ADS), 2019 WL 537716 (C.D. Cal. Sept. 30,
   2019), *report and recommendation adopted*, No.
   218CV8604CJCADS, 2019 WL 5310187 (C.D. Cal. Oct. 17, 2019) ................ 12

*Bever v. Quality Loan Serv. Corporation; Citimortgage, Inc.*,
   No. 1:16-CV-0079-AWI-BAM, 2016 WL 1267578 (E.D. Cal. Mar.
   31, 2016), *aff'd sub nom. Bever v. Quality Loan Serv. Corp.*, 708 F.
   App'x 361 (9th Cir. 2017) .................................................................................. 9

*Boustred v. Gov't*,
   No. C-08-00546 RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17,
   2008) ................................................................................................................ 12

*Braham v. Sony/ATV Music Publ'g.*,
   No. 2:15-cv-8422-MWF-GJSx, 2015 WL 7074571 (C.D. Cal. Nov.
   10, 2015) ("*Graham I*") ............................................................... 1, 2, 3, 14

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ............................................................................ 6

*De Long v. Hennessey*,
   912 F.2d 1144 (9th Cir. 1990) ........................................................................ 10

*Drake v. Niello Co.*,
   No. 217CV1036JAMEFBPS, 2018 WL 1256762 (E.D. Cal. Mar.
   12, 2018) ........................................................................................................... 9

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) ........................................................................................ 8

*Graham v. Swift*,
   No. 2:18-cv-00810-PA (Ex) ("*Graham II*") ................................... 1, 3, 14

*Graham v. Swift*,
   No. 2:18-cv-09071-MWF-GJS ("*Graham III*") ............................. 1, 3, 8

*Graham v. Swift*,
   No. 2:20-cv-07000-MWF-GJS ("*Graham V*") ........................................ 5

*Hollywood v. Carrows California Family Restaurants*,
   No. 218CV02098JGBGJS, 2019 WL 6178807 (C.D. Cal. Sept. 17,
   2019), *report and recommendation adopted as modified*, No.
   218CV02098JGBGJS, 2019 WL 5589042 (C.D. Cal. Oct. 30, 2019) ......... 11, 14

*Jackson v. Osman*,
   664 Fed. Appx. 667 (9th Cir. 2016) ....................................................... 9

*Mankaruse v. Raytheon Co.*,
   No. SACV191904DOCADSX, 2020 WL 2405258 (C.D. Cal. Jan.
   23, 2020) ......................................................................................... 15

*Molski v. Evergreen Dynasty Corp.*,
   500 F.3d 1047 (9th Cir. 2007) ...................................................... 10, 15

*New Day Worldwide Inc. v. Swift*,
   No. 2:19-cv-09948-AB-SS ("*Graham IV*")..................................*passim*

*Ringgold-Lockhart v. Cty. of Los Angeles*,
   761 F.3d 1057 (9th Cir. 2014) ............................................................ 14

*Stewart v. U.S. Bancorp*,
   297 F.3d 953 (9th Cir. 2002) ........................................................... 8, 9

*Susilo v. Robertson*,
   2013 WL 989959 (C.D. Cal. Mar. 11, 2013), *report and
   recommendation adopted,* No. 217CV1036JAMEFBPS, 2018 WL
   3031588 (E.D. Cal. Apr. 12, 2018), *aff'd,* 776 F. App'x 451 (9th
   Cir. 2019) ......................................................................................... 9

*Warren v. Guelker*,
   29 F.3d 1386 (9th Cir. 1994) ............................................................. 11

**Statutes**

17 U.S.C.
   § 101, *et seq*. (United States Copyright Act) ...................................... 15
   § 411(a) ............................................................................................ 8

iv

**Rules**

Federal Rule of Civil Procedure

4 ................................................................................................................. 6

4(a)(1)(F)-(G) ............................................................................................ 6

4(c)(1) ........................................................................................................ 6

11 ............................................................................................................... 4

12(b)(4) ..................................................................................................... 7

12(b)(5) ..................................................................................................... 6

12(b)(6) ..................................................................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

### (a)   Summary of Argument

This is the fifth action filed pro se by Jesse Graham alleging the same claim – a claim that already has been dismissed with prejudice twice – that the words players playing and haters hating in the 2014 sound recording, *Shake It Off*, infringe a copyright that Mr. Graham claims in a musical composition he refers to as "Haters Gone Hate."[1]

The first two actions that Mr. Graham filed were dismissed without prejudice after the Court determined, respectively, that Mr. Graham failed to state a claim and that he had failed to effect service.  *See Graham I,* Dkt. No. 8; *Graham II,* Dkt. Nos. 17, 19.  The third action he filed also was dismissed, that time with prejudice.  *See Graham III,* Dkt No. 46.  Mr. Graham's first three actions all were before the Hon. Judge Michael W. Fitzgerald, District Judge.

For his fourth attempt, Mr. Graham brought suit purportedly on behalf of a corporation.  *See Graham IV,* Dkt. No. 1.  Because Mr. Graham misrepresented in his civil cover sheet that he was not re-filing a prior action and that there are no related cases, *Graham IV* was before the Hon. André Birotte Jr., District Judge.  Judge Birotte construed *Graham IV* as brought by both the corporation named as a plaintiff and by Mr. Graham individually (*Graham IV,* Dkt. No. 15).  Judge Birotte then dismissed *Graham IV* on July 21, 2020, finding that Mr. Graham could not proceed pro se on behalf of the corporation; that Mr. Graham had failed to allege that his allegedly

---

[1]      *See Braham v. Sony/ATV Music Publ'g*., No. 2:15-cv-8422-MWF-GJSx, 2015 WL 7074571 (C.D. Cal. Nov. 10, 2015) ("*Graham I*"); *Graham v. Swift*, No. 2:18-cv-00810-PA (Ex) ("*Graham II*"); *Graham v. Swift*, No. 2:18-cv-09071-MWF-GJS ("*Graham III*"); *New Day Worldwide Inc. v. Swift*, No. 2:19-cv-09948-AB-SS ("*Graham IV*"); *see, also* Defendants' Request for Judicial Notice, filed concurrently herewith.

infringed copyright had been registered with the U.S. Copyright Office; and that Mr. Graham's claim was barred by res judicata because *Graham III* was dismissed with prejudice. *Graham IV*, Dkt. No. 32. Judge Birotte also found that Mr. Graham had violated Federal Rule of Civil Procedure 11 and committed litigation misconduct, including by falsely representing to the Court that counsel had been retained, and Judge Birotte admonished Mr. Graham to cease his misconduct or be designated a vexatious litigant.

Mr. Graham filed a notice of appeal in *Graham IV* on July 31, 2020. *See Graham IV*, Dkt No. 34. But on August 4, 2020 – just two weeks after Judge Birotte's admonition – Mr. Graham filed this action asserting the same copyright claim as his prior four actions.

Like the four before it, this action should be dismissed, either because of insufficient service of process or because the complaint fails to state a claim on which relief can be granted. In addition, Mr. Graham has filed and repeatedly re-filed the same claim, even though it has twice been dismissed with prejudice. He also has engaged in misconduct in an effort to deceive the Court. His repeated abuses have imposed substantial burdens of time and expense on the Court and on Defendants, and he should be designated a vexatious litigant who cannot file another case without first seeking and obtaining leave of court.

**(b)** **Summary of Facts**

**(1)** *Graham I*

In 2015, Mr. Graham, also calling himself Mr. Braham, filed *Graham I*, alleging that lyrics in *Shake It Off* infringed a copyright he claimed in a song he referred to as "Haters Gone Hate." He applied to proceed in forma pauperis and his request was denied for failure to state a claim. *Graham I*, Dkt. No. 8. He chose not to amend and did not appeal.

///

///

### (2)   *Graham II*

In 2018, Mr. Graham resurfaced and filed *Graham II* alleging the same copyright infringement claim.  *Graham II*, Dkt. No. 1.  In his civil cover sheet, he identified *Graham I* as both the same action previously filed and as a related case.  *Graham II*, Dkt. No. 1-1 at 3.

Even though no Summons has been issued in the case, Mr. Graham claimed to have served Sony/ATV Music Publishing LLC ("Sony/ATV") with a Summons and Complaint.  Sony/ATV filed a motion to dismiss for insufficient process and insufficient service (*Graham II*, Dkt. No. 9), and the Court provided Mr. Graham additional time to serve Defendants (*Graham II*, Dkt. No. 17).  When Mr. Graham failed to do so, the Court dismissed *Graham II* without prejudice, noting that Mr. Graham could not possibly have served anyone with a Summons because a Summons had not been requested or issued by the Clerk.  *Graham II*, Dkt. No. 19 at 1-2.

### (3)   *Graham III*

Five months later, Mr. Graham filed *Graham III*, again asserting the same copyright infringement claim.  *Graham III*, Dkt. No. 1.  This time, he falsely represented in his civil cover sheet that the case had not been previously filed in this court and was not related to any other case in this court.  *Graham III*, Dkt. No. 1-1 at 3.  As a result, Mr. Graham's third action was assigned to the Hon. Stephen V. Wilson, District Judge.

After Mr. Graham claimed to have effected service on Ms. Swift, she filed her Motion to Dismiss for insufficient service and failure to state a claim.  *Graham III*, Dkt. No. 17.  She also filed a Notice of Related Case (*Graham III*, Dkt. No. 19) and *Graham III* was then transferred to Judge Fitzgerald (*Graham III*, Dkt. No. 21).  The Court granted the Motion and again provided Mr. Graham additional time to serve Defendants.  *Graham III*, Dkt. No. 36 at 3-4.  Mr. Graham failed to do so, and his action was dismissed, this time with prejudice.  *Graham III*, Dkt. No. 46.

///

**(4)**   *Graham IV*

In 2019, Mr. Graham surfaced once again, filing a fourth action asserting the same copyright infringement claim.  *Graham IV*, Dkt. No. 1.  This time, his Complaint, signed by Mr. Graham, referred to New Day Worldwide Inc. as the plaintiff, appearing pro se.  Although the Complaint asserts the same copyright claim, Mr. Graham again falsely represented in his civil cover sheet that the case had not been previously filed in this court and was not related to any other case in this court. *Graham IV*, Dkt. No. 1-1 at 3.  The action was assigned to Judge Birotte.  After reviewing the Complaint and First Amended Complaint, Judge Birotte issued his Order construing the latter as adding Mr. Graham as a plaintiff, and also gave New Day Worldwide Inc. time to retain counsel or be dismissed.  *Graham IV*, Dkt. No. 15.

After Mr. Graham again claimed to have affected service, Ms. Swift again filed a Motion to Dismiss for insufficient service and failure to state a claim.  *Graham IV*, Dkt. No. 11.[2]  In his Opposition, Mr. Graham listed above the caption a law firm and lawyers that were supposedly counsel for New Day Worldwide Inc. *Graham IV*, Dkt. No. 27 at 1.  But that was false: the law firm and lawyers are not at the address Mr. Graham included and had never heard of the corporate plaintiff or Mr. Graham, who apparently just copied the law firm's and lawyers' names off the Internet.  *Graham IV*, Dkt. No. 29 at 1:11-18, & at 3-4, ¶¶3-6, & Exh. 1.

Judge Birotte granted the Motion and dismissed *Graham IV* with prejudice.  Judge Birotte also found that Mr. Graham had violated Federal Rule of Civil Procedure 11, but, "[o]ut of an abundance of caution," decided not to issue an Order for him to show cause why he should not be sanctioned and/or declared a vexatious litigant.  However, Judge Birotte "urge[d] Graham to avoid conduct that would result in those consequences."  *Graham IV*, Dkt. No. 32 at 5.

---

[2]   That Motion identified the prior cases as related (*see, e.g., id.* at 1 n.1-3) but this time the action was not transferred.

4

1  Mr. Graham filed a notice of appeal by New Day Worldwide Inc., again pro

2  per. *Graham IV*, Dkt. No. 34.  The Court of Appeals raised that corporate entities

3  cannot appear pro se and gave New Day Worldwide Inc. time to retain counsel.  9th

4  Cir. Case No. 20-55779, Dkt. No. 2.  Instead, Mr. Graham has asked that the notice

5  of appeal be changed to name him as the appellant, pro se.  *Id.*, Dkt. No. 3.  As of this

6  filing, that request is pending.

7  **(5)   This Action, *Graham V***

8  On August 4, 2020 – just two weeks after Judge Birotte's July 21, 2020, Order

9  dismissing *Graham IV* with prejudice, confirming Mr. Graham's claim was barred

10  by res judicata, and admonishing Mr. Graham to cease his misconduct – Mr. Graham

11  filed this action, again pro se and again asserting the same copyright infringement

12  claim that he asserted in the prior four cases and that was dismissed with prejudice in

13  *Graham III* and *Graham IV*.  *Graham V*, Dkt. No. 1.  This time, Mr. Graham's civil

14  cover sheet identifies *Graham III*, only, as an action previously filed on the same

15  claim, and falsely represents that there are no related cases.  *Graham V*, Dkt. No. 1-1

16  at 3.

17  Once again, Mr. Graham claims to have served a Summons and Complaint on

18  multiple defendants.  *Graham V*, Dkt. No. 14.  But not only has he failed to serve

19  anyone, the Court's Docket in this action does not reflect any request for a Summons,

20  let alone the Clerk's issuance of one.  Instead, Mr. Graham has filed with this court

21  what appears to be a Summons issued in *Graham IV* that has been altered to appear

22  to be a Summons issued in this case.  *Compare* Summons, *Graham V*, Dkt. No. 14 at

23  1 *with* Summons, *Graham IV*, Dkt. No. 10 at 1.

24  In prior cases, Mr. Graham has followed his defective proofs of service with

25  repeated and ineffective requests for entry of default.  Despite all the prior rulings

26  and admonishments, and despite the absence of a Clerk-issued Summons in this

27  action, Mr. Graham has followed his claimed service of a Summons and Complaint

28  with two improper and rejected motions for summary judgment.  Dkt. Nos. 15, 16,

17, & 18.  He then filed his request for entry of default judgment, which the Clerk rejected.  Dkt. Nos. 19, 20.  Undeterred, he filed a second request for entry of default judgment, which the Clerk also rejected.  Dkt. Nos. 21, 22.  Still undeterred, he filed yet a third request for entry of default judgment, which the Clerk of course rejected.  And he followed that with his request for entry of Defendants' default.  Dkt. No. 25.

## 2. MR. GRAHAM'S FIFTH ACTION IS PROPERLY DISMISSED

### (a) Mr. Graham's Purported Service Is Insufficient Under Federal and State Law

The manner of service is established by Federal Rule of Civil Procedure 4, and failure to properly serve a defendant may be raised by a Federal Rule of Civil Procedure 12(b)(5) motion to dismiss.  "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4."  *Brockmeyer v. May, 383 F.3d 798, 810 (9th Cir. 2004)*.

#### (1) Mr. Graham Failed to Serve a Summons Issued in This Action

It is fundamental that successful service requires service of a Summons issued by the Clerk.  Fed. R. Civ. Pro. 4(a)(1)(F)-(G).  On August 25, 2020, Mr. Graham filed a proof of service with the Court purporting to show that service of the Summons and Complaint had been effected on Defendants by mail.  Dkt. No. 14 at 2.  But service requires service of a summons (Fed. R. Civ. Pro. 4(c)(1)) and, as the docket makes plain, *the Clerk in this case has never issued a summons*.

Instead, the purported Summons that Mr. Graham filed with the Court appears in reality to be a Summons from the last case, altered to replace the case number, the date, and the plaintiff's name, and to omit the reference to "First Amended Complaint" under the case number, but with the same typographical errors in the remaining language below the case number and the same Deputy Clerk's number stamped in exactly the same place.  *Compare* Summons, *Graham V*, Dkt. No. 14 at 1 *with* Summons, *Graham IV*, Dkt. No. 10 at 1.  Whatever it is, the Summons to which

Mr. Graham attaches his proof of service is not a Summons issued in this action by the Clerk.  As a result, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient process is appropriate.

### (2)   Mr. Graham's Proof of Service is Fatally Defective

Mr. Graham attaches to his doctored Summons two purported proofs of service, and both are defective.

The first purported proof of service is only the second page of the California State Form, POS-10.  That second page fails to identify what documents were supposedly served, on whom they were served, or the manner of service.  Dkt. No. 12 at 2.  It is, in short, meaningless.

The second purported proof of service states that "[n]otification of this case was mailed with return receipt" and by "leaving notice with security guard on duty at Plaintiff [sic] Taylor Swift home at 1200 Beverly Hills address."  Dkt. No. 14 at 3. But Mr. Graham recycles the proof of service he filed in *Graham IV*.  *See Graham IV*, Dkt. 10. This purported proof of service also does not identify what was supposedly served and when it was supposedly served.  In addition, whatever this proof of service meant by "notification" and "notice," it cannot be a Summons issued in this action because none has been issued.  Further, in *Graham III* the Court already ruled that Mr. Graham's purported service on an unidentified security guard is not valid service.  *Graham III*, Dkt. No. 36 at 2, 3.

For these additional reasons, the claimed service of the Summons and Complaint on Defendants is defective.

### (b)   **Alternatively, the Action is Properly Dismissed Under FRCP 12(b)(6)**

This is the fifth time that Mr. Graham has claimed that *Shake It Off* infringes the copyright in a musical composition he refers to as "Haters Gone Hate."  For multiple, independent reasons, this action is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### (1) Mr. Graham Fails to Plead Registration of the Allegedly Infringed Copyright Before Filing this Action

With exceptions inapplicable here, registration of an allegedly infringed copyright with the U.S. Copyright Office is a prerequisite to filing an action for infringement. 17 U.S.C. § 411(a). Mr. Graham, as in his prior complaints, alleges only that he has applied for registration. *See,* Dkt. No. 1 at 2 ¶ 11.

He also now claims that, after he filed this action, the Copyright Office issued him a certificate of registration. Dkt. No. 12. Even if that is true, it is insufficient because an infringement claim cannot be filed unless and until the plaintiff has an issued registration in hand. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019); *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (under *Fourth Estate*, registration requirement not satisfied by post-filing registration).

For this additional reason, the Complaint should be dismissed.

### (2) This Claim Has Now Twice Been Dismissed with Prejudice and Is Therefore Barred by Res Judicata

After Mr. Graham repeatedly failed to effect service in *Graham III*, the Court dismissed his copyright infringement claim with prejudice. *Graham III*, Order Dismissing With Prejudice (Dkt. No. 46). The same result followed in *Graham IV*, where Judge Birotte found that the dismissal with prejudice of *Graham III* necessitated the same conclusion to *Graham IV* and dismissed the case with prejudice. *Graham IV*, Dkt. No. 32 at 4-5. The same result follows here.

Res judicata applies to bar subsequent claims when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). All three requirements are met.

First, Mr. Graham asserts in this action the same copyright infringement claim that he asserted in the prior actions, including the two dismissed with prejudice.

Second, "for purposes of applying the doctrine of res judicata . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Jackson v. Osman*, 664 Fed. Appx. 667, 668 (9th Cir. 2016); *see also Stewart*, 297 F.3d at 956 ("the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'").  Mr. Graham's appeal from the dismissal in *Graham IV* does not avoid res judicata.  "[I]t is settled law that '[a] judgment issued by a federal court is final for purposes of res judicata' unless 'reversed on appeal, [or] modified or set aside in the court of rendition.'" *Drake v. Niello Co.*, No. 217CV1036JAMEFBPS, 2018 WL 1256762, at *7 (E.D. Cal. Mar. 12, 2018) (quoting *Susilo v. Robertson*, 2013 WL 989959, at*4 (C.D. Cal. Mar. 11, 2013), *report and recommendation adopted*, No. 217CV1036JAMEFBPS, 2018 WL 3031588 (E.D. Cal. Apr. 12, 2018), *aff'd*, 776 F. App'x 451 (9th Cir. 2019)).  As a result, "[t]he fact that the judgment is now on appeal before the Ninth Circuit Court of Appeal does not impact the finality of that judgment." *Bever v. Quality Loan Serv. Corporation; Citimortgage, Inc.*, No. 1:16-CV-0079-AWI-BAM, 2016 WL 1267578, at *4 (E.D. Cal. Mar. 31, 2016), *aff'd sub nom.  Bever v. Quality Loan Serv. Corp.*, 708 F. App'x 361 (9th Cir. 2017).  In any event, the dismissal with prejudice in *Graham III* remains in place despite Mr. Graham's appeal from the dismissal with prejudice in *Graham IV*.

Res judicata thus separately requires that the Complaint be dismissed.

## 3.   **MR. GRAHAM SHOULD BE DESIGNATED A VEXATIOUS LITIGANT**

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.*  "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to

preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

In determining whether to designate a party a vexatious litigant, courts consider four factors identified in *De Long*. *Molski*, 500 F.3d at 1057. All four of the factors confirm that Mr. Graham support the Court's designation of Mr. Graham as a vexatious litigant.

**(a)   Mr. Graham Is Being Provided Notice and a Chance to Be Heard**

The first *De Long* factor is that "the litigant must be given notice and a chance to be heard before the order is entered." *Molski*, 500 F.3d at 1057. That factor is satisfied. Defendants are serving Mr. Graham with a copy of this Motion, and Mr. Graham will have an opportunity to respond. *Id.* at 1058 (first factor met where vexatious litigant order was "prompted by a motion filed by the defendants and served on" plaintiff and plaintiff had opportunity to oppose the motion). In addition, the Court's admonishment in *Graham IV* expressly put Mr. Graham on notice of the risk that he would be designated a vexatious litigant if he persisted, which he did by re-filing his claim two weeks later.

Accordingly, the first *De Long* factor is satisfied.

**(b)   There Is an Adequate Record for Review**

The second *De Long* factor is that there must be "an adequate record for review" of the vexatious litigant Order. *Molski*, 500 F.3d at 1057. Defendants do not rely on out of court statements or declarations as to Mr. Graham's conduct. Instead, Defendants provide with this Motion a "listing of all the cases and motions" showing that "that the litigant's activities were numerous or abusive." *De Long*, 912 F.2d at 1147. Accordingly, the second *De Long* factor also is satisfied.

///

///

///

**(c)** **The Court's Issuance of Substantive Findings as to the Frivolous or Harassing Nature of Mr. Graham's Litigation**

The third *De Long* factor is that "the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Molski*, 500 F.3d at 1057. This factor "gets to the heart of the vexatious litigant analysis, . . . ." *Id.* at 1059.

"To decide whether the litigant's actions are frivolous or harassing, the district court must 'look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.'" *Id.* (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). Further, "[f]rivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions." *Molski*, 500 F.3d at 1060. "While pro se litigants are generally entitled to more leeway, a court's authority to enjoin vexatious litigation extends equally over pro se litigants and those represented by counsel." *Hollywood v. Carrows California Family Restaurants*, No. 218CV02098JGBGJS, 2019 WL 6178807, at *33 (C.D. Cal. Sept. 17, 2019), *report and recommendation adopted as modified*, No. 218CV02098JGBGJS, 2019 WL 5589042 (C.D. Cal. Oct. 30, 2019); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (in forma pauperis litigants "need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs.").

The record establishes beyond peradventure that Mr. Graham has both repeatedly filed frivolous claims and also made false assertions, thereby abusing the judicial process and harassing Defendants. He plainly has crossed "the line . . . between aggressive advocacy of legitimate claims and the frivolous assertion of false allegations." *Molski, 500 F.3d at 1059.*

This latest action is the fifth that Mr. Graham has filed asserting the very same copyright infringement claim, and each of the preceding four actions were dismissed, two of them with prejudice. *See Basile v. Los Angeles Film Sch., LLC*, No. 2:18-08604 CJC (ADS), 2019 WL 537716, at *5 (C.D. Cal. Sept. 30, 2019), *report and recommendation adopted*, No. 218CV8604CJCADS, 2019 WL 5310187 (C.D. Cal. Oct. 17, 2019) (deeming vexatious litigant who filed six federal copyright lawsuits in four years and lost each of them). It is indisputable that Mr. Graham has caused needless expense and undue burden on the Court and Defendants. *See Boustred v. Gov't*, No. C-08-00546 RMW, 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (finding "three actions containing similar rambling, largely incomprehensible claims" sufficiently burdensome to justify vexatious litigant status).

Further, Mr. Graham has proceeded with a willful disregard – beyond that which could be reasonably attributable to his pro se status – of the Court's rulings and admonishments, and also of the truth. For example:

- In *Graham I*, the Court carefully explained why Mr. Graham had failed to plead a plausible copyright infringement claim. Rather than amending, he ignored the dismissal of *Graham I* and filed *Graham II*.

- In *Graham II*, and after providing Mr. Graham additional time to serve defendants, the Court dismissed the action noting that "the most obvious deficiency is that Plaintiff cannot possibly have served a Summons upon any of the Defendants because the Clerk has yet to issue a Summons (because Plaintiff has yet to file request for the Clerk to issue a Summons)." *Graham II*, Dkt. No. 19 at 2. Ignoring the Court's ruling, in this action Mr. Graham again claims to have served Defendant even though no Summons has been issued.

- In *Graham III*, the Court ruled that Plaintiff's claimed service of Ms. Taylor by supposedly serving a security guard was insufficient. *Graham III*, Dkt. No. 36 at 3, 4. Ignoring that ruling, in this action

Mr. Graham again relies on the claimed service of the security guard. *Graham V*, Dkt. No. 14 at 3.

- Although the Court made it clear in *Graham II* that a Summons must be issued, rather than requesting one in this action Mr. Graham doctored a Summons from an earlier action to make it appear to have been issued in this action. *See above* at 5:17-23.

- Mr. Graham has made false statements in his civil cover sheets to try to avoid the prior rulings against him on the same claim. *See above* at 3:15-19, & 4:5-8.

- Mr. Graham has falsely represented to the Court that counsel have been retained when, instead, the supposedly retained counsel had never heard of him and did not authorize Mr. Graham's filing. *See above* at 4:12-19; *Molski*, 500 F.3d at 1061 ("frivolous litigation" includes "asserting facts that are grossly exaggerated or totally false").

- The Court made it clear in *Graham IV* that the prior dismissal of Mr. Graham's claim with prejudice barred his re-filing of the claim and the Court also cautioned Mr. Graham against continuing his litigation misconduct. *See above* at 4:20-25. Yet two weeks later he filed this action asserting the same barred claim.

- The Court has repeatedly informed Mr. Graham of the defects in his copyright infringement claim and his claimed service, and informed him of the requirement that a Summons be issued and served. Yet knowing he is not entitled to pursue his claim, knowing he has not properly served any Defendant, and relying on a falsified Summons, Mr. Graham has now peppered the Court with two "motions for summary judgment," three requests for entry of a default judgment, and a request for entry of default. *Graham V*, Dkt. Nos. 15, 16, 19,

13

1  |  21, 23, & 25; *Hollywood*, 2019 WL 6178807 at *30 (finding
2  |  plaintiff's failure to file notice of related cases and request for
3  |  "inappropriate defaults" weigh in favor of vexatious litigant status).

4  The record confirms Mr. Graham's history of vexatious litigation and his
5  willingness to dissemble in an effort to misuse the Court and harass Defendants.
6  And that record enables the Court to make the substantive findings required by the
7  third *De Long* factor.

8  **(d)**   **The Requested Order is Narrowly Tailored to Stop Mr. Graham's**
9  **Continued Abuse of the Judicial Process and Harassment of**
10  **Defendants**

11  The fourth and final *De Long* factor is that the order restraining a vexatious
12  litigant "must be narrowly tailored to fit the specific vice encountered." *Molski*, 500
13  F.3d at 1057. An Order is narrowly tailored when it restrains the litigant from filing
14  "only the type of claims [the litigant] ha[s] been filing vexatiously" and does not
15  "deny [the litigant] access to courts on any . . . claim that is not frivolous." *Ringgold-*
16  *Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1066 (9th Cir. 2014).

17  Given the history of this case and the four preceding it, as well as Mr. Graham's
18  failure to heed the Court's express admonishment in *Graham IV*, it is manifest that
19  the only way to stop Mr. Graham from continuing to file new suits based on the same,
20  already resolved claim *ad infinitum* is an Order prohibiting him from doing so.
21  Accordingly, Defendants ask that the Court enter an Order that:

22      1. Designates Mr. Graham a vexatious litigant.

23      2. Prohibits Mr. Graham from reopening litigation based on the claim
24         and facts alleged in *Graham I*, *Graham II*, *Graham III*, *Graham IV* or
25         this case, and, specifically, based on the claim that *Shake It Off*
26         infringes a copyright in Mr. Graham's or his corporation's claimed
27         work.

28  ///

3. Requires Mr. Graham to obtain pre-filing permission from the Court before filing any new actions against Defendants, or any of them, including under the United States Copyright Act, 17 U.S.C. § 101, *et seq.*

4. Requires that, if the Court grants Mr. Graham permission to file a new action against Defendants, or any of them, that before dong so Mr. Graham post a security bond of $25,000 within ten days.

That Order is narrowly-tailored and consistent with restrictive orders that have been entered in this Court and affirmed by the Ninth Circuit. *See, e.g., Mankaruse v. Raytheon Co.*, No. SACV191904DOCADSX, 2020 WL 2405258, at *3 (C.D. Cal. Jan. 23, 2020) (granting order requiring vexatious litigant "to seek prefiling approval in this Court prior to filing cases in the Central District of California pro se against [defendants] regarding Plaintiff's prior employment with these entities or regarding any alleged stolen trade secrets or patent infringement by these actors" and to pay a $25,000 security bond); *Molski*, 500 F.3d at 1064 (affirming restrictive order requiring plaintiff "to seek leave of the court before filing any more [duplicative] complaints").

## 4.   CONCLUSION

Defendants' Motion to Dismiss should be granted and this action dismissed with prejudice, and Mr. Graham should be deemed a vexatious litigant to prevent his continued abuse of the judicial process and his ongoing harassment of Defendants.

Respectfully submitted,

Dated: September 8, 2020

/s/ Peter Anderson
Peter Anderson, Esq.
Sarah E. Burns, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
TAYLOR SWIFT,
BIG MACHINE LABEL
GROUP, LLC, UNIVERSAL
MUSIC PUBLISHING, INC. and
KOBALT MUSIC PUBLISHING
AMERICA, INC.