UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-20-7000-MWF (GJSx) | Date: January 12, 2021 |
| Title: Jesse Graham v. Taylor Swift, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND TO DESIGNATE PLAINTIFF A VEXATIOUS LITIGANT [26]

Before the Court is Defendants Taylor Swift ("Swift"), Big Machine Label Group, LLC ("Big Machine"), Universal Music Publishing, Inc. ("Universal"), and Kobalt Music Publishing America, Inc.'s ("Kobalt") (collectively "Defendants") Motion to Dismiss the Complaint and to Designate Plaintiff Jesse Graham ("Plaintiff" or "Graham"), proceeding *pro se*, a Vexatious Litigant (the "MTD"), filed on September 8, 2020. (Docket No. 26). Plaintiff filed an Opposition on September 22, 2020. ("Opp." (Docket No. 31)). Defendants filed a Reply on October 5, 2020. ("Reply" (Docket No. 32)).

The Motion was noticed to be heard on October 19, 2020. The Court read and considered the papers on the MTD and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the MTD is **GRANTED** *in part* and **DENIED** *in part*. The Court rules as follows:

- **GRANTS** the MTD *without leave to amend* as to Plaintiff's first claim for relief for copyright infringement because it is barred by the doctrine of *res judicata*; and

---

**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-20-7000-MWF (GJSx) | Date: January 12, 2021 |
| Title: Jesse Graham v. Taylor Swift, et al. | |

- **DENIES** the MTD as to Defendants' request to designate Plaintiff a vexatious litigant. While it does appear that Plaintiff has filed a number of cases in this district based on similar allegations, including defective proofs of service, this activity alone does not demonstrate that his actions are frivolous or abusive.

## I. BACKGROUND

Before getting into the facts as alleged in the Complaint, the Court must note that this is Plaintiff's fifth lawsuit against Swift and various other defendants relating to the alleged infringement of his musical composition entitled *Haters gone Hate*. In each of Plaintiff's previous lawsuits, his claims have been dismissed, and judgment has been entered against Plaintiff in at least two prior actions. Plaintiff's cases are

(1) *Braham v. Sony/ATV Music Publ'g.*, No. 2:15-cv-8422-MWF-GJSx (C.D. Cal.) ("*Graham I*");

(2) *Graham v. Swift*, No. 2:18-cv-00810-MWF-GJSx (C.D. Cal.) ("*Graham II*");

(3) *Graham v. Swift*, No. 2:18-cv-09071-MWF-GJSx (C.D. Cal.) ("*Graham III*");

(4) *New Day Worldwide Inc. v. Swift*, No. 2:19-cv-09948-AB-SSx (C.D. Cal.) ("*Graham IV*"); and

(5) This action, *Graham v. Swift*, No. 2:20-cv-07000-MWF-GJSx (C.D. Cal.) ("*Graham V*").

On August 4, 2020, Plaintiff commenced this action realleging that *Shake It Off*, a song performed by Swift, infringes upon certain lyrics of his song, *Haters gone Hate*. (Complaint ("Compl.") ¶¶ 14–16, (Docket No. 1)). Plaintiff alleges "the infringed copyrighted material accounts for roughly twenty percent of the Shake It Off musical composition." (*Id.* ¶¶ 14). Plaintiff seeks $42 million in monetary damages. (*Id.*,

---

**CIVIL MINUTES—GENERAL**                                                                        2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-7000-MWF (GJSx)                    Date:  January 12, 2021
Title:     Jesse Graham v. Taylor Swift, et al.

Prayer for Relief).  Defendants move to dismiss the Complaint for insufficient process and insufficient service of process, and for failure to state a claim on several grounds, including failure to allege copyright registration and *res judicata*.  (MTD at 6–9).  Defendants also request that the Court deem Plaintiff a vexatious litigant.  (*Id.* at 9–15).

## II.    PRELIMINARY MATTERS

Before turning to the merits of the MTD, a few preliminary matters require discussion.

### A.    Defendants' Request for Judicial Notice

In conjunction with the MTD, Defendants ask the Court to take judicial notice of Plaintiff's previous four copyright infringement cases relating to his song *Haters gone Hate*.  (*See* Request for Judicial Notice ("RJN") (Docket No. 26-2)).  Plaintiff did not oppose Defendants' RJN.

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute.  Fed. R. Evid. 201(b); *see Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).  Court filings are thus properly subject to judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court documents).

Accordingly, the Court **GRANTS** Defendants' unopposed RJN and takes judicial notice of the dockets and orders issued in *Graham I*, *Graham II*, *Graham III*, and *Graham IV,* but not the truth of the facts alleged therein.  *See Lee*, 250 F.3d at 690.
///
///
///

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV-20-7000-MWF (GJSx) | Date: January 12, 2021 |
| Title: | Jesse Graham v. Taylor Swift, et al. | |

### B. Plaintiffs' Surreplies

Plaintiff filed a Surreply opposing the MTD on October 5, 2020, ("First Surreply" (Docket No. 33)), and filed an additional Surreply opposing the MTD on October 13, 2020. ("Second Surreply" (Docket No. 37)). In the First Surreply, Plaintiff restates the facts alleged in the Complaint, disputes that he is a vexatious litigant, and attaches a copy of the U.S. Copyright Office certificate of registration for his song *Haters gone Hate* dated June 29, 2020. In the Second Surreply, Plaintiff presents invoices and email communications detailing his attempts to effect service on the defendants in *Graham III*, as well as printouts of online news articles discussing his copyright infringement claim.

Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." L.R. 7-10. Further, "[a]lthough the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF 05-869 REC (TAG), 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). Neither the federal rules nor the local rules permit a sur-reply as a matter of course.

Here, Plaintiff did not seek permission to file his Surreplies as required by Local Rule 7-10. In addition, the Surreplies do not address arguments raised by Defendants for the first time in their Reply or arguments that otherwise could not have been raised earlier. Therefore, the Court will not consider Plaintiff's Surreplies and will deem Docket No. 31 to be Plaintiff's sole opposition.

### III. MOTION TO DISMISS

Defendants seek to dismiss Plaintiff's sole claim for relief for copyright infringement pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-7000-MWF (GJSx)          Date:  January 12, 2021
Title:    Jesse Graham v. Taylor Swift, et al.

### A. Legal Standard

"The motions authorized by Federal Rules 12(b)(4) and 12(b)(5) permit the defendant to challenge departures from the proper procedure for serving the summons and complaint and the contents of the former for purposes of giving notice of the action's commencement." 5B Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1353 (3d ed. rev. 2014) ("(footnote omitted). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* (footnote omitted).

In contrast, Rule 12(b)(5) permits dismissal of an action based on insufficient service of process. The line between a Rule 12(b)(4) and 12(b)(5) motion often becomes blurred in practice, such that "[s]everal courts that have dealt with this problem simply have treated a combination of the two motions as a proper procedure." *Id.* (footnote omitted). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *SEC v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *Id.* at 1138–39.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-7000-MWF (GJSx)          Date:  January 12, 2021
Title:    Jesse Graham v. Taylor Swift, et al.

(2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible."  *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

**B.  Discussion**

Defendants argue that Plaintiff's copyright infringement claim should be dismissed because his Complaint (1) was never properly served; (2) does not allege a valid copyright; and (3) is barred by the doctrine of *res judicata*.  Because the Court determines that Plaintiff's claim is barred by *res judicata*, the Court will not address Defendants' additional arguments for dismissal.

---

**CIVIL MINUTES—GENERAL**                                                  6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-7000-MWF (GJSx)          Date:  January 12, 2021
Title:  Jesse Graham v. Taylor Swift, et al.

### 1. Res Judicata

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised ***or could have been raised*** in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted; emphasis in original). *Res judicata* applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

The Court determines that this action—which is premised on the same alleged infringing conduct as alleged in *Graham I–IV*—is barred by the doctrine of *res judicata*:

***First***, a dispute raises the "same claim" as a prior case if the claim is derived from the same "primary right," which is "'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'" *Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010) (citation omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Montgomery v. Specialized Loan Servicing, LLC*, No. CV 18-1257-PSG-KKx, 2018 WL 6118571, at *3 (C.D. Cal. Sept. 27, 2018) (citation omitted). Here, Plaintiff does not dispute that *Graham I–V* assert the same claim, namely that lyrics in the song *Shake It Off* allegedly infringe upon his copyright in the song *Haters gone Hate*. (*Compare* Compl. ¶¶ 14–16 *with Graham I*, Docket No. 1 at 4; *Graham II*, Docket No. 1 at 7–8; *Graham III*, Docket No. 1 at 3; *Graham IV*, Docket No. 1 at 3).

***Second***, *res judicata* applies when a claim either was, or could have been, brought in a case that ended with a final judgment on the merits. *Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (citation and quotation marks omitted); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any

---

**CIVIL MINUTES—GENERAL**          7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-20-7000-MWF (GJSx)        Date: January 12, 2021
Title:     Jesse Graham v. Taylor Swift, et al.

further action between the parties on the issues subtended by the case."). Here, all four of Plaintiff's prior actions in which he alleged copyright infringement were dismissed, and *Graham III* was dismissed with prejudice because Plaintiff failed to effect service on defendants after multiple court orders. (*See Graham III*, Docket No. 46 at 1–2). *Graham IV* was likewise dismissed with prejudice on substantive and *res judicata* grounds. *See Graham IV*, 2020 WL 6050700, at *3 (C.D. Cal. July 21, 2020).

The Court acknowledges that Plaintiff has an appeal pending before the Ninth Circuit in *Graham IV*. (*See Graham IV*, Docket No. 34 at 1). Because Plaintiff asserted a copyright infringement claim under the U.S. Copyright Act, 17 U.S.C. §§ 101, *et seq.*, in *Graham IV*, the Court sat in federal question jurisdiction over that prior action. *See Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988) ("[F]ederal courts have exclusive jurisdiction over actions that arise under federal copyright law."). As a result, federal law governs the preclusive effect of that prior federal court judgment. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001); *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019). Therefore, the pendency of Plaintiff's appeal does not suspend the operation of the final judgment in *Graham IV* for purposes of *res judicata*. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1135 (9th Cir. 2001) ("In federal courts, a district court judgment is 'final' for purposes of res judicata.").

**Third**, "[t]he final element of res judicata is privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). "Privity—for the purposes of applying the doctrine of *res judicata*—is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks and citation omitted). Here, privity exists because Plaintiff has named all Defendants in his previous lawsuits. (*See Graham I*, Docket No. 1 at 2–3 (naming Swift and Big Machine as defendants); *Graham II*, Docket No. 1 at 1–3 (naming Swift, Big Machine, Universal, and Kobalt as defendants); *Graham III*, Docket No. 1 at 1–2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-20-7000-MWF (GJSx) | Date: January 12, 2021 |
| Title: Jesse Graham v. Taylor Swift, et al. | |

(naming Swift as a defendant); *Graham IV*, Docket No. 1 at 1–2 (naming Swift, Big Machine, and Kobalt as defendants).

The Court concludes that this action is barred under the doctrine of *res judicata*, given that there is an identity of claims in *Graham I–V*, *Graham III* and *Graham IV* both resulted in a final judgment on the merits, and there is privity between the parties. Accordingly, the Court **GRANTS** the MTD with respect to Plaintiff's first and only claim for relief for copyright infringement.

## IV. VEXATIOUS LITIGATION

In light of Plaintiff's filings in *Graham I–IV*, Defendants request that the Court declare Plaintiff a vexatious litigant and impose a pre-filing order on Plaintiff requiring him to obtain court approval before attempting to revive his defunct copyright infringement claim or filing any new actions against Defendants arising under the Copyright Act. (*See* MTD at 1, 14–15). Plaintiff counters that he should not be deemed a vexatious litigant because Federal Rule of Civil Procedure 11 requires that Defendants file a separate motion for sanctions only after providing him twenty-one days to withdraw or correct an improper pleading. (*See* Opp. at 1–2); *see also* Fed. R. Civ. P. 11(c)(2). However, Defendants specifically move to designate Plaintiff a vexatious litigant pursuant to Local Rule 83–8 and the Court's inherent power, neither of which is subject to Rule 11's procedural requirements. (*See* Reply at 1).

### A. Legal Standard

Federal courts have inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Local Rule 83–8.3 states that an order declaring a party a vexatious litigant "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83–8.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-20-7000-MWF (GJSx)  Date: January 12, 2021
Title: Jesse Graham v. Taylor Swift, et al.

When a litigant is declared vexatious, his or her access to the courts can be restricted, through the court entering a pre-filing order. *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061–62 (9th Cir. 2014). Pre-filing review orders, in which a complainant is required to obtain leave of court before filing a complaint, are appropriate under certain circumstances but "should rarely be filed." *De Long*, 912 F.2d at 1147. The Ninth Circuit has outlined five factors for district courts to examine before entering pre-filing orders. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "First, the litigant must be given notice and a chance to be heard before the order is entered." *Id.* (citation omitted). "Second, the district court must compile 'an adequate record for review.'" *Id.* "Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* Fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id.* Finally, the district court should consider "whether other sanctions would be adequate to protect the courts and other parties." *Id.*

**B.  Discussion**

The Court turns to the third factor, which requires the Court to make substantive findings of frivolousness or harassment; the failure to establish the third factor is dispositive. *See Ringgold-Lockhart*, 761 F.3d at 1064; *De Long*, 912 F.2d at 1148. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotation marks omitted). The number inquiry asks whether the amount of complaints filed is inordinate. *Id.*; *De Long*, 912 F.3d at 1148. The content inquiry asks whether the plaintiff's claims are "patently without merit"; indeed, litigiousness on its own is insufficient. *See Ringgold-Lockhart*, 761 F.3d at 1064; *Molski*, 500 F.3d at 1059. A finding of harassment requires that a litigant's filings "show a pattern of harassment." *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.3d at 1148).

The Court finds that Plaintiff's five case filings do not rise to the inordinate quantity typically exhibited by vexatious litigants. *See e.g.*, *Molski*, 500 F.3d at 1050 ("filed about 400 lawsuits in the federal courts within the districts in California");

---

**CIVIL MINUTES—GENERAL**                                                                 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-20-7000-MWF (GJSx)         Date: January 12, 2021
Title:    Jesse Graham v. Taylor Swift, et al.

*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (filed 35 actions in 30 jurisdictions); *Reddy v. MedQuist, Inc.*, No. cv 12-01324 PSG, 2012 WL 6020010, at *6 (N.D. Cal. Dec. 3, 2012) ("[Plaintiff] has literally filed tens of lawsuits against hundreds of defendants"); *Bobo v. Plymouth Hous. Grp.*, No. 6:14-cv-01071-AA, 2014 WL 6085858, at *2 (D. Or. Nov. 7, 2014) ("filed at least forty pro se complaints"). Given that the limited number of Plaintiff's case filings (i.e., five) is not "inordinate" in quantity, the Court will not re-examine the merits of Plaintiff's copyright infringement claims. *Ringgold-Lockhart*, 761 F.3d at 1064–65.

Nevertheless, Defendants point to several instances of Plaintiff's misconduct in the course of litigation. For example, in *Graham II*, Plaintiff alleged that he served a Summons upon the defendants before a Summons had been requested or issued in that case. *See Graham II*, Docket No. 19 at 1–2. In *Graham IV*, Plaintiff "fraudulently added the name of a law firm and some of its attorneys to the cover page of [his pleadings], presumably to give the Court the impression that he . . . had retained counsel." *Graham IV*, 2020 WL 6050700, at *3. In this action, Plaintiff submitted another false proof of service (Docket No. 14), filed improper motions for summary judgment, which the Court rejected (Docket Nos. 15, 16, 17, 18, 34, 35, and 36), and requested an entry of default judgment against Defendants on multiple occasions. (Docket Nos. 19, 21, 23, and 25). This conduct plainly violates Rule 11.

However, the Court **DENIES** Defendants' request to deem Plaintiff vexatious and to issue a pre-filing order at this time because less restrictive options, such as monetary sanctions, may adequately protect judicial and litigant resources. *See Ringgold-Lockhart*, 761 F.3d at 1062 ("In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort.").

Although the Court declines to designate Plaintiff a vexatious litigant, imposition of sanctions may nonetheless be appropriate here. In *Graham IV*, the court gave Plaintiff the following, very specific warning: "the Court admonishes Graham for this conduct and cautions him that should he engage in similar conduct in the future before this or another Court, he risks being sanctioned and/or being declared a vexatious litigant. The Court urges Graham to avoid conduct that would result in those

---

**CIVIL MINUTES—GENERAL**                                           11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV-20-7000-MWF (GJSx) | Date: January 12, 2021 |
| Title: | Jesse Graham v. Taylor Swift, et al. | |

consequences." *Graham IV*, 2020 WL 6050700, at *3. Notwithstanding this warning from the Court, Plaintiff filed this action.

Accordingly, Plaintiff is hereby **ORDERED** to show cause in writing within thirty (30) days from the date of service of this Order explaining why sanctions should not be imposed, despite Plaintiff's repeated litigation misconduct. The Court cautions Plaintiff that failure to appropriately respond to this Order may result in the imposition of monetary sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[A] court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions. It cannot, however, decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*."). The Court further cautions Plaintiff that should he continue to engage in similar misconduct, he risks additional sanctions, including being declared a vexatious litigant.

## V. CONCLUSION

For the foregoing reasons, the MTD is **GRANTED** *in part* and **DENIED** *in part* as follows:

- The MTD is **GRANTED** *without leave to amend* as to Plaintiff's sole claim for relief for copyright infringement. This action is **DISMISSED** *with prejudice* as barred by the doctrine of *res judicata*.

- The MTD is **DENIED** as to Defendants' request to designate Plaintiff a vexatious litigant.

Plaintiff is **ORDERED** to show cause in writing within thirty (30) days of the date of service of this Order explaining why monetary sanctions should not be imposed due to Plaintiff's repeated litigation misconduct.

IT IS SO ORDERED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-20-7000-MWF (GJSx) | Date: January 12, 2021 |
| Title: Jesse Graham v. Taylor Swift, et al. | |

    The Court may not provide advice to any party, including persons who are not represented by a lawyer. (Such persons are known as "pro se litigants.") However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court. Public Counsel's Federal Pro Se Clinic provides free legal assistance to people representing themselves in the United States District Court for the Central District of California. The Pro Se Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

    The Los Angeles Clinic operates by appointment only. You may schedule an appointment either by calling the Clinic or by using an internet portal. You can call the clinic at (213) 385-2977, ext. 270, or you can submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.

    Clinic staff can respond to many questions with a telephonic appointment or through your email account. It may be more convenient to email your questions or schedule a telephonic appointment. Staff can also schedule you for an in-person appointment at their location in the Roybal Federal Building and Courthouse.

    In addition, the Court has information of importance to pro se litigants at the "People Without Lawyers" link, http://prose.cacd.uscourts.gov/.

    Pro se litigants may also apply to the Court for permission to electronically file. Form CV-005 is available at http://www.cacd.uscourts.gov/court-procedures/forms.

    The Court's website home page is http://www.cacd.uscourts.gov.