No. 21-1670
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

JESSE GRAHAM,

*Plaintiff-Appellant*

v.

BIG MACHINE LABEL GROUP, LLC, UNIVERSAL MUSIC PUBLISHING , INC. , KOBALT MUSIC PUBLISHING AMERICA INC. , AND TAYLOR SWIFT,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 2:20-cv-07000-MFW-GJS
Hon. Michael W. Fitzgerald

_____

**APPELLANT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DOC. NO. 9] AND MOTION TO TRANSFER APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

_____

Jesse Graham
3680 Wilshire Boulevard Suite 1092
Los Angeles, CA 90010
323-393-0548
Email: jessegrahamla@gmail.com

PROCEEDING PRO SE

## INTRODUCTION

COMES NOW Plaintiff Jesse Graham, proceeding *pro se*, and responds to Appellees' Opposed Motion To Dismiss Appeal For Lack Of Jurisdiction, Or In The Alternative, To Transfer Appeal To The United States Court Of Appeals For The Ninth Circuit. Doc. No. 9.

After further consideration, Plaintiff agrees that this appeal belongs in the Court of Appeals for the Ninth Circuit, and respectfully asks this Court to transfer it there. This Court has authority to do so under 28 U.S.C. § 1631.

Defendants concede that justice will be served if this appeal is transferred. Because parties appear to be in agreement, further argument is not necessary. Further, this Court has transferred appeals before when it lacked jurisdiction but a sister circuit had appellate jurisdiction. See, e.g., Judd v. Fox, 315 F. App'x 240, 241 (Fed. Cir. 2008) (transferring a habeas corpus case to the Fifth Circuit); Campos v. Comm'r, 584 F. App'x 932, 2 (Fed. Cir. 2014) (transferring an appeal from the Tax Court to the D.C. Circuit).

Appellant wishes to note for the record that his Notice of Appeal well indicated that the *Ninth* Circuit is the proper court for this appeal. (Dkt. No. 40, p. 1, filed February 19, 2021). Plaintiff meant to indicate that an appeal should be heard by a federal court, specifically by the Ninth Circuit. Apparently, the district court's clerk did not consult the underlying Notice of Appeal and misunderstood

his intentions. Appellees' contentions that Appellant "mistakenly or intentionally selected" the Federal Circuit are plainly incorrect. Neither are Appellees' suggestions that Appellant "refuses to dismiss or transfer" the appeal.

WHEREFORE, this Court should transfer the appeal to the Ninth Circuit.

Respectfully,

JESSE GRAHAM
Proceeding PRO SE