RECEIVED
CLERK, U.S. DISTRICT COURT

4/21/21

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MAT\_\_\_\_ DEPUTY

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESSE GRAHAM,**
*Plaintiff-Appellant*

v.

**BIG MACHINE LABEL GROUP LLC, UNIVERSAL MUSIC PUBLISHING, INC., KOBALT MUSIC PUBLISHING AMERICA, INC., TAYLOR SWIFT,**
*Defendants-Appellees*

---

2021-1670

---

Appeal from the United States District Court for the Central District of California in No. 2:20-cv-07000-MWF-GJS, Judge Michael W. Fitzgerald.

---

**ON MOTION**

---

Before PROST, *Chief Judge*, O'MALLEY and WALLACH, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Appellees move to dismiss this appeal for lack of jurisdiction or, in the alternative, to transfer this appeal to the

United States Court of Appeals for the Ninth Circuit. Appellees also inform the court that Jesse Graham submitted two responses to the motion at the district court, the first agreeing to transfer and the second opposing transfer.

Mr. Graham appeals from decisions of the United States District Court for the Central District of California in a copyright infringement case. His notice of appeal indicates that he intended to appeal to the Ninth Circuit.*

This court is a court of limited jurisdiction, which does not include jurisdiction in this matter. *See* 28 U.S.C. § 1295. While Mr. Graham appears to allege that this is a patent case that would fall under this court's jurisdiction, no patent claim was asserted in the complaint or as a compulsory counterclaim.

Pursuant to 28 U.S.C. § 1631, this court may, if it is in the "interest of justice," transfer an appeal to another court in which the appeal could have been brought. Because Mr. Graham could have brought his appeal to the Ninth Circuit, we transfer to that court.

Accordingly,

IT IS ORDERED THAT:

The motion is granted to the extent that the appeal and all filings are transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.

---

*     The clerk of the district court was required to send the notice of appeal to the Ninth Circuit. *See* Fed. R. App. P. 3(d)(1) (stating that the clerk of the district court "must promptly send a copy of the notice of appeal and of the docket entries . . . to the clerk of the court of appeals named in the notice").

GRAHAM v. SWIFT 3

FOR THE COURT

<u>April 21, 2021</u>  <u>/s/ Peter R. Marksteiner</u>
Date Peter R. Marksteiner
 Clerk of Court

s32